# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| VANISSA LEE CARR | CIV. ACTION NO. 3:21-04454 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees [doc. # 18] filed by Plaintiff Vanissa Carr pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412.   The Commissioner does not contest the fee request in principle but opposes the motion insofar as it seeks fees that are computed at a rate greater than $175 per hour.   (Gov.'t Response [doc. # 20]).   As further explained below, it is recommended that the motion be GRANTED IN PART, and that the Commissioner be ordered to pay attorney's fees in the amount of $7,480.00 (37.4 hours at $200.00 per hour), plus costs of $8.10.

## Analysis

The EAJA states that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.   28 U.S.C. § 2412(d)(1)(A).   A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.   *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1]   The Commissioner does not

---

[1]   On August 30, 2022, the District Court entered judgment reversing and remanding this case to

contest that Plaintiff is entitled to recover fees, and, therefore, does not contest that Plaintiff is the prevailing party.

## I. Reasonable Fees

The EAJA provides, in relevant part, that the amount of fees awarded

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). "Section 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988). In the end, "[a]n award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (unpubl.).

When assessing statutorily authorized attorneys' fees, the court first must calculate a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008) (citation omitted).[2] The lodestar amount is presumptively reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir.2013) (citation omitted). However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the circumstances of the case, and the relative weights of the twelve factors set forth in *Johnson v. Georgia*

---

the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 17]).

[2] The Fifth Circuit has adopted the "lodestar" method for determining the reasonableness of fees under the EAJA. *Sanders, supra*.

*Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).   *McClain, supra*; *Black, supra*.[3]

In this case, Plaintiff seeks an attorney's fee award of $8,330.00, which she computes, as follows:   1.7 hours x $175.00 per hour for work performed in 2021, plus 35.7 hours x $225.00 per hour for work performed in 2022.   The Commissioner does not contest the reasonableness of the time expended by counsel, and, thus, neither does the court.   However, she argues that, for work performed in 2022, the court should continue to employ the $175 hourly rate that this court has utilized since 2014.

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors."   *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted).   In deriving a reasonable hourly rate under the EAJA, the Fifth Circuit has assumed that courts should conduct a two-step analysis:   "first determine the 'prevailing market rates' and award them, if less than $125; then, only if they are more than $125, consider whether inflation or 'special factors' warrant awarding more than $125, up to those market rates . . ."   *Robinson v. Barnhart*, 197 Fed. App'x. 368, 369 (5th Cir. 2006); *see also Williams v. Barnhart*, 206 Fed. App'x. 378, 379–80 (5th Cir. 2006).

"Hourly rates are to be computed according to the prevailing market rates in the relevant legal market."   *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000).   The relevant legal market is the community where the district court sits.   *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).   The reasonable hourly rate for a particular community may be established through affidavits of other attorneys practicing in that community, or by reference to rates awarded in prior cases.   *Tab-in-Action, Inc. v. Monroe City Sch. Bd.*, No. 17-0570, 2017 WL 3445652, at *3 (W.D. La. Aug. 10, 2017) (citation omitted).   The court also should consider an

---

[3] The district court need not expressly discuss all of the *Johnson* factors so long as it arrives at a just compensation based upon appropriate standards.   *Sanders, supra* (citation omitted).

attorney's customary rate when it is within the range of prevailing market rates.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir.1995) (citation omitted). Furthermore, an attorney's customary rate is prima facie reasonable when it remains uncontested. *Id*.

In this case, Plaintiff has submitted evidence indicating that her local attorney's customary hourly rate is $300.00 per hour, whereas the current rate of her Florida-licensed, brief-writing attorney is $550.00 per hour.  *See* Aff. of Alex Rankin and Decl. of Sarah Bohr [doc. #s 18-2 and 18-3].[4]  Plaintiff also submitted an affidavit from local attorney James Rountree, who stated that his hourly billing rate was $300.00 per hour and that other competent attorneys bill in the range of $200.00 to $300.00 per hour, particularly those with more than 20 years of experience.  (Aff. of James Rountree [doc. # 18-4]).  In 2021, the court noted that preeminent local attorney, Thomas Hayes, had an hourly rate of $250.00.  *See CFS Fin. Servs. Inc. v. Car Sols. of Monroe Inc.*, Civ. Action No. 20-1646, 2021 WL 4310605, at *2 (W.D. La. Aug. 4, 2021).

Upon consideration, the court finds that the prevailing market rate for the kind and quality of services provided in this case is $200 or more.  Because this rate exceeds the $125 statutory maximum, the court must consider whether inflation or special factors warrant an award above that ceiling, up to the market rate.  However, "the presence of novel or time-consuming issues, or the need for an unusual level of legal expertise—are not special factors that may be used to determine whether the EAJA rate should be increased over the statutory cap." *Washington v. Barnhart*, 93 Fed. App'x. 630, 631 (5th Cir. 2004) (citation omitted).  Moreover,

---

[4] Mr. Rankin has practiced law at his Bastrop, Louisiana firm for over 50 years and has represented Social Security disability claimants for more than 30 years.  Ms. Bohr has engaged in the active practice of law sinch 1978 and has offered a Social Security brief writing service since 1996.

4

to support an increased rate on account of the limited availability of qualified attorneys for the proceedings involved, the court must be presented with

> convincing evidence: (1) that the number of competent lawyers who will handle social security disability cases is so limited that individuals who have possibly valid claims are unable reasonably to secure representation, *and* (2) that by increasing the fee, the availability of lawyers for these cases will actually be increased.

*Baker*, 839 F.2d at 1085.   Such evidence is absent here.

Instead, Plaintiff urges the court to raise the hourly rate cap because of an increase in the cost of living.   In *Baker v. Bowen*, the Fifth Circuit observed that,

> [e]xcept in unusual circumstances . . . if there is a significant difference in the cost of living since 19[96] in a particular locale that would justify an increase in the fee, then an increase should be granted.   But the rule does not necessarily require that attorneys' fees awards track the cost-of-living index for the geographical area. Although this indicator is certainly significant, it may not be conclusive; such a decision is within the discretion of the district court.   In order to satisfy both goals of the provision, however, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorneys' fees have increased since the statute was [re-]enacted in 19[96].

*Baker*, 839 F.2d at 1084.

This court last increased the hourly rate for EAJA fee petitions in Social Security cases in 2016, for services performed in 2014 and going forward.   *See Montgomery v. Colvin*, Civ. Action No. 14-3120, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), *R&R adopted,* 2016 WL 4705573 (W.D. La. Sept. 8, 2016).   In so doing, this court weighed the cost-of-living increases since 1996 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $175.   *Id*.; *see also Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (increasing EAJA hourly rate to $150 for work performed in 2008 and beyond), *R&R adopted*, 2009 WL 824527 (W.D. La. Mar. 23, 2009).

Citing a decision from the Eastern District of Louisiana that approved an hourly rate of $206.70 for work performed in 2021 and an hourly rate of $220.66 for work performed in 2022, Plaintiff argues that the rise in the cost of living warrants an increase in the hourly rate to $225 for work performed in 2022. *See Carpenter v. Kijakazi*, Civ. Action No. 21-328, 2022 WL 16961122 (E.D. La. Nov. 16, 2022) (and cases cited therein). Pursuant to figures obtained from the Bureau of Labor Statistics, Plaintiff has calculated that cost-of-living increases should support a hike of the statutory cap to $214.29 per hour for work performed in 2021 and $235.90 per hour for 2022. *See* Pl. Brief, pgs. 4-5 [doc. # 18-1].[5]

Upon due consideration of prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area,[6] the court will implement an hourly rate of $200.00 per hour for pending and future EAJA petitions for services performed in 2021, 2022, and going forward. In other words, the undersigned finds that an hourly rate of $200 is "reasonable and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers." *Robinson, supra*.[7]

---

[5] Just last week, however, the Fifth Circuit determined that the EAJA's $125 cap, when adjusted for inflation, was $220.66 in 2022. *See Nkenglefac v. Garland*, ___ F.4th ___, 2023 WL 2656575, at *2 (5th Cir. Mar. 28, 2023).

[6] There is no evidence that local or even national social security practitioners have declined to prosecute appeals in this district because the EAJA hourly rate is too low.

[7] In settling upon this rate, the court recognizes that courts in other districts have utilized higher hourly rates up to the inflation-adjusted statutory cap. *See, e.g., Nkenglefac, supra*. However, Monroe, and other divisions within the Western District, are not equivalent to larger markets or other practice areas.

Multiplying 37.4 hours of work expended on this case times $200.00 per hour produces a lodestar of $7,480.00.

The court now must consider the remaining *Johnson* factors to determine if the lodestar amount should be adjusted.   In so doing, the court may not double count any *Johnson* factor that was considered in calculating the lodestar amount.   *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993).   Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565 (1986); *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22. Furthermore, the record in this case does not support an adjustment of the lodestar amount based on the remaining *Johnson* factors.   For example, there is no evidence that the case was particularly undesirable.   Nor does the nature of the professional relationship between Plaintiff and counsel indicate that an adjustment should be made.   Finally, the parties do not urge any adjustment.

## II.    Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA, 28 U.S.C. § 2412(a).   Costs include the filing fee and fees for printing and copies.   28 U.S.C. § 1920(a)(1). Litigation expenses also are compensable under the EAJA provided they are reasonable and necessary.   *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, Plaintiff seeks to recover $8.10 in copying costs.   The Commissioner did not interpose an objection, and the court finds that the requested cost is reasonable and necessary.

### III.    Check Payable to Plaintiff

Plaintiff's counsel contends that because Plaintiff assigned his right to attorney's fees to counsel, any payment of fees should be made directly to counsel – provided Plaintiff does not owe a federal debt.   However, this court consistently has rejected this argument.   *See McLeland v. Astrue*, Civ. Action. No. 09-0219, 2010 WL 3704915, at *2 (W.D. La. Sept. 13, 2010).   The undersigned discerns no materially cognizable basis to depart from this settled practice.

<u>Conclusion</u>

For the above-assigned reasons,

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 18] be GRANTED IN PART, and that the Commissioner be ordered to remit to Plaintiff's counsel a check made payable to Plaintiff Vanissa Carr for attorney fees in the amount of $7,480.00 (37.4 hours at $200. 00 per hour), plus costs of $8.10.

IT IS FURTHER RECOMMENDED that the motion [doc. # 18] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 13th day of April, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE